OPINION
On August 30, 2000, the Stark County Grand Jury indicted appellant, Kathleen Dippman, on one count of grand theft in violation of R.C. 2913.02
and one count of forgery in violation of R.C. 2913.31. Said charges arose from thefts at appellant's place of employment, Manhattan Perfumes. Owner of Manhattan Perfumes is Prasad Patibandla.
A jury trial commenced on April 17, 2001. The jury found appellant not guilty of the forgery count, but guilty of the theft count, and specifically found the property taken did not exceed $500.00. The state moved to amend the indictment from grand theft to theft. The trial court granted the motion and entered a conviction for petty theft. By judgment entry filed May 3, 2001, the trial court sentenced appellant to one hundred eighty days, all but twenty days suspended.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED WHEN BY PERMITTING THE PROSECUTION TO CROSS-EXAMINE APPELLANT ON IRRELEVANT, AND UNFAIRLY PREJUDICIAL ISSUES IN VIOLATION OF EVIDENCE RULE 404(B) THEREBY DEPRIVING APPELLANT OF A FAIR TRIAL.
 II. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT HIS TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I
Appellant claims the trial court erred in permitting the state to cross-examine her on an alleged theft from a subsequent employer (Tegary). We disagree.
The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant claims the complained of cross-examination violated Evid.R. 404(B) and R.C. 2945.59 which state as follows:
Evid.R. 404(B) Other crimes, wrongs or acts
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 R.C. 2945.59 PROOF OF DEFENDANT'S MOTIVE
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
Mr. Patibandla testified perfume and jewelry items were missing from his store and appellant denied taking the perfume items, but admitted to having possession of the jewelry to "weigh it and fix the price." T. at 163, 165. Mr. Patibandla never saw the jewelry again. T. at 166. He also testified appellant wrote herself three checks made out to "cash" without his authorization. T. at 168-170.[1] Appellant testified Mr. Patibandla gave her gifts "[a]ll the time." T. at 349.
Appellant argues the complained of questioning centered upon her being accused of stealing from a subsequent employer, Tegary. T. at 353-359. Specifically, the state's questions implied she took an item (an eagle) without completely paying for it. Appellant claimed she purchased the eagle at cost from her employer although it was not completely paid for when she quit that employer. T. at 356-359. There was a discrepancy as to whether the amount due for the eagle was taken out of appellant's final paycheck. T. at 357-359. Technically, this is not a bad act, but a pattern of conduct similar to the one charged.
The question to be answered is whether such testimony was relevant. Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
A coworker, Patricia Penn, testified appellant would take money and items from the store and tell her that "I will tell Prasad or I will get it taken out of my check." T. at 271-272. The cross-examination of appellant on the issue of taking an item that would be paid for out of her paycheck was relevant to the credibility of Ms. Penn. Also, witnesses Shelly Roman, Paula Hogue and Janice Wright all testified to appellant giving away some of the store's merchandise. T. at 242-243, 250, 258-260.
Upon review, we find the cross-examination was relevant in light of the previous testimony and was used to show plan and absence of mistake under Evid.R. 404(B).[2]
Assignment of Error I is denied.
 II
Appellant claims she was denied the effective assistance of trial counsel. We disagree.
The standard this issue must be measured against is set out in Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
Appellant claims her trial counsel was deficient in not requesting a limiting instruction on "other acts." As noted in Assignment of Error I, because of appellant's denial of the whole eagle incident being anything but innocent, it can hardly be classified as an "other act." Further, defense counsel made a specific decision to reject the curative instruction so as to not give further emphasis or credence to it:
 MR. FOLTZ: Do we need to give that limiting instruction when our client is on the stand —
THE COURT: No.
 MR. FOLTZ: If we save that for in the rebuttal when it is brought up.
 THE COURT: We can save it for the jury instructions as far as I am concerned.
MR. FOLTZ: I would rather stay away from it —
 THE COURT: It is for your benefit, so if you prefer to stay away from the limiting instruction —
 MR. FOLTZ: I would like it, if Mr. Wise brings rebuttal testimony in to say my client is lying, at that point I want it.
T. at 345.
This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987), 32 Ohio St.3d 380, 388. We concur with defense counsel that the instruction would have only overemphasized testimony that was unfavorable but hardly a "bad act."
Assignment of Error II is denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
Hon. W. Scott Gwin, P.J., Hon. Sheila G. Farmer, J., Hon. Julie A. Edwards, J., concur.
[1] Appellant was acquitted of the forgery counts and was convicted of theft under $500.00.
[2] The trial court was going to give a specific curative instruction, but defense counsel requested it not be given. T. at 344-345.